IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF TENNESSEE *ex rel.* LISA PENCE, LISA ADKINS, ROBIN DILLON TEAGUE, AMY CARNELL, RACHEL CAROL ANDERSON, and STEVEN TROY MATHIS,<br><br>Plaintiffs,<br><br>v.<br><br>CURO HEALTH SERVICES HOLDINGS, INC., CURO HEALTH SERVICES, LLC (f/k/a CURO HEALTH SERVICES, INC.), TNMO HEALTHCARE, LLC (d/b/a AVALON HOSPICE), and REGENCY HEALTHCARE GROUP, LLC,<br><br>Defendants. | CASE NO.: 3:13-cv-00672 (Lead)<br>3:20-cv-00168 (Member)<br>JUDGE TRAUGER |

**ORDER**

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b)(1) and the Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-183(b)(1), the United States, Tennessee, Relators, and Defendants filed a Stipulation of Dismissal. Upon consideration of the Stipulation, and the papers on file in this action,

**IT IS HEREBY ORDERED:**

1. Consistent with the terms of the June 21, 2024, Settlement Agreement executed by the United States, Tennessee, Defendants Curo Health Services Holdings, Inc., Curo Health Services, LLC (f/k/a Curo Health Services, Inc.), TNMO Healthcare, LLC (d/b/a Avalon Hospice),

1

and Regency Healthcare Group, LLC (the "Settlement Agreement"), all claims asserted on behalf of the United States against Defendants concerning the United States Covered Conduct as defined in Recital F of the Settlement Agreement, and all claims asserted on behalf of Tennessee against Defendants concerning the Tennessee Covered Conduct as defined in Recital G of the Settlement Agreement, are dismissed with prejudice, to the extent that the Complaint in this action contains such claims.

2. All remaining claims by Relators asserted on behalf of the United States and Tennessee against Defendants in this action are dismissed without prejudice to the United States and Tennessee and with prejudice to Relators.

3. This dismissal is without prejudice to Relators' claims to a share of the portion of the United States Settlement Amount, pursuant to 31 U.S.C. § 3730(d), as identified by Recital L and Paragraph 9 of the Settlement Agreement, and to Relators' claims to a share of the proceeds of a portion of the Tennessee Settlement Amount pursuant to Tenn. Code Ann. § 71-5-183(d), as identified by Recital L and Paragraph 10 of the Settlement Agreement.

4. The Court shall retain jurisdiction to adjudicate, if necessary, Relators' claims to a share of the portion of the United States Settlement Amount, pursuant to 31 U.S.C. § 3730(d), as identified by Recital L and Paragraph 9 of the Settlement Agreement, and to Relators' claims to a share of the proceeds of a portion of the Tennessee Settlement Amount pursuant to Tenn. Code Ann. § 71-5-183(d), as identified by Recital L and Paragraph 10 of the Settlement Agreement.

5. This Order does not waive or otherwise affect the ability of the United States or any other person to contend that provisions in the False Claims Act, including 31 U.S.C. §§ 3730(b)(5), 3730(d)(3) and 3730(e), or the provisions of the Tennessee Medicaid False Claims Act, including Tenn. Code Ann. §§ 71-5-183(b)(5), 71-5-183(d)(3), and 71-5-183(e) bar Relators

or any other person from sharing in the proceeds of the settlement.

6. Relators' retaliation claims asserted pursuant to 31 U.S.C. § 3730(h), Relators' claims asserted under the Tennessee State Whistleblower Statute, Tenn. Code Ann. §§ 50-1-304(a), and 50-1-304(d)(1), Relators' claims asserted under common law, and Relators' claims to reasonable expenses, attorneys' fees and costs pursuant to 31 U.S.C. §§ 3730(d) and 3730(h)(2) and Tenn. Code Ann. § 50-1-304(d) against Defendants are dismissed with prejudice.

SO ORDERED, this __8th__ day of __July__ 2024.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE